UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN BENJAMIN HICKMAN                CIVIL ACTION NO. 19-cv-1676

VERSUS                               JUDGE FOOTE

YASHICA THOMAS TURNER                MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

John Hickman ("Plaintiff"), who is self-represented, has filed at least four prior civil actions with this court, none of which were found to have merit. The prior actions complained primarily of alleged events that occurred while Plaintiff was an inmate in the Red River Parish jail. One of the prior actions, Hickman v. Red River Health Dept., 16-cv-0195, named several defendants, including the defendant in this case, Yashica Thomas Turner, who was alleged to be affiliated with the Red River Health Department. This court dismissed the complaint, noting that most of the pleadings were impossible to decipher.

The Fifth Circuit affirmed and pointed out that Plaintiff now has two strikes under the AEDPA. Hickman v. Red River Health Dept., 777 Fed. Appx. 752 (5th Cir. 2019). Plaintiff's address indicates that he is not currently incarcerated, so any dismissal in this case will not count as a strike. The three strikes provision applies only when the filer incarcerated or otherwise detained upon its commencement. 28 U.S.C. § 1915(g).

Plaintiff commenced this action by filing a Pro Se 1 complaint form provided by the court. The complaint lists Yashica Thomas Turner as the only defendant. The body of the

complaint contains no allegations of fact. For the reasons that follow, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

**Basis to Review Complaint**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

**Analysis**

The form used by Plaintiff asked him to check a box to indicate the basis for federal court jurisdiction. He checked only the box for federal question[1], but he did not answer the question on the form that asked him to explain the basis for such jurisdiction. The form also asked Plaintiff to write a short and plain statement of his claim and state briefly and

---

[1] Plaintiff did not check the box for diversity jurisdiction. The record suggests that both parties are citizens of Louisiana, so it would not be applicable.

precisely what damages or other relief he asks the court to order. Plaintiff wrote nothing in response to those or other questions on the complaint form. The only thing he provided, other than the name of the defendant and a box checked for federal jurisdiction, is an attached piece of paper on which he wrote: "Yashica Thomas Turner acknowledge the truth. Order acknowledge."

Federal question jurisdiction is based on 28 U.S.C. § 1331, which grants the court jurisdiction over cases that arise under federal law. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint does not set forth a non-frivolous federal claim on which jurisdiction may be based. There are simply no facts alleged that could give rise to any claim against Ms. Turner. Given Plaintiff's history of filing unintelligible and indecipherable pleadings, there is no reason to believe that affording an opportunity to amend the complaint would result in anything that might state an actionable claim over which this court would have jurisdiction.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of January, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge